IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jianping Sun ) | |
| ) | |
| Plaintiff ) | Civil No. 07-0504 (JDB) |
| ) | |
| v. ) | |
| ) | |
| Alberto Gonzales, et al. ) | |
| ) | |
| Defendants ) | |
| ) | |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Comes now, Plaintiff Jianping Sun (A# 098364344) through undersigned counsel, submits this Opposition to Defendants' Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. Contrary to Defendants' argument, jurisdiction is proper in this Court. Defendants assert in their Motion to Dismiss that Plaintiff has failed to establish a jurisdictional basis for review because (1) 8 U.S.C. § 1252(a)(2)(B), divests a court of jurisdiction where Plaintiff seeks judicial review of a discretionary decision or action; (2) Mandamus is not appropriate in this case because Plaintiff has no right to an immediate adjudication of his application, and Defendants owe no duty to adjudicate the application while the background checks for criminal history, immigration fraud, and the like are pending; and (3) the APA does not provide an independent or implied basis of jurisdiction. As discussed infra, jurisdiction is proper and Plaintiff has adequately stated a claim for relief.

**STATEMENTS OF THE FACTS**

Plaintiff seeks a Writ of Mandamus to compel Defendants, the United States Citizenship and Immigration Service (USCIS), Federal Bureau of Investigation, and related officials and agencies, to complete processing of seriously delayed routine security checks and to adjudicate

Plaintiff's pending Application for Adjustment of Status (Form I-485). The Application had been at the Vermont Service Center since April 24, 2004 and was recently moved to the Texas Service Center (EAC-04-160-54716). Defendants have improperly withheld action on said Application to Plaintiff's detriment, stating that the security background checks have not been completed. The Defendants' inaction has caused the Plaintiff profound injuries in denying him a final decision on his application to become a Permanent Resident including, but not limited to, requisite fees paid in order to remain in status during this lengthy delay.

Plaintiff, Jianping Sun, is a native and citizen of the People's Republic of China. Plaintiff filed a visa petition (Form I-140) simultaneously with his application for adjustment of status (Form I-485), with USCIS on April 24, 2004. The visa petition (Form I-140) was approved on February 22, 2005. The Plaintiff's fingerprints were taken by USCIS on April 14, 2005 to allow for necessary criminal and security clearances. USCIS has yet to take action on his application despite the case being complete more than three years ago. Jianping Sun is the proper plaintiff for the Defendants' failure to act on the application for adjustment of status.

Plaintiff is entitled to relief under 28 U.S.C. §1361 ("Mandamus Act") and 5 U.S.C. § 701 et seq. (Administrative Procedures Act ("APA")). The Mandamus Act gives federal district courts original jurisdiction "over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Likewise, the APA, at 5 U.S.C. § 701, *et seq.*, in combination with 28 U.S.C. § 1331, provides federal district courts with the jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed". *Hu v. Reno,* No. 3-99-CV-1136, 2000 U.S. Dist. LEXIS 5030, at *1, 2000 WL 425174, (N.D. Tex. Apr.18, 2000). USCIS has a non-discretionary duty to process Mr. Sun's adjustment application within a reasonable time. *See Haidari v. Frazier*, No.

06-3215 (DWF/AJB), 2006 U.S. Dist. LEXIS 89177, at **10-11, 2006 WL 3544922 (D. Minn. Dec. 8, 2006); *Valenzuela v. Kehl*, No. 3:05-CV-1764-BF, 2006 U.S. Dist. LEXIS 61054, at **19-20, 2006 WL 2474088, (N.D. Tex. Aug. 23, 2006); *Aboushaban v. Mueller*, No. C 06-1280, 2006 U.S. Dist. LEXIS 81076, at *4, 2006 WL 3041086, (N.D. Cal. Oct. 24, 2006); *Elkhatib v. Butler*, 04-22407-CIV, 2005 U.S. Dist. LEXIS 22858, at *4, 2006 WL 2333566, (S.D. Fla. June 6, 2005); *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999); *Paunescu v. INS,* 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999); *Alkenani v. Barrows,* 356 F. Supp. 2d 652, 656 (N.D. Tex. 2005); *Fraga v. Smith*, 607 F. Supp. 517, 521 (D. Or. 1985). Other courts have held that, when USCIS fails to make a determination within a reasonable period of time, subject matter jurisdiction exists under the Mandamus Act or the APA. *See Paunescu,* 76 F. Supp. 2d at 901; *Yu,* 36 F. Supp. 2d at 931; *Agbemaple v. INS,* No. 97 C 8547, 1998 WL 292441, at *2 (N.D. Ill. May 18, 1998).

On May 25, 2007, Defendants responded to Plaintiff's complaint with a Motion to Dismiss. Defendants argue that the Court lacks subject matter jurisdiction and that there is no claim upon which relief can be granted. (Def.'s Mot. to Dismiss at 1).

**LEGAL ARGUMENT**

I. **The Court Has Subject Matter Jurisdiction Over the Plaintiff's Complaint**

The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonable delayed." 5 U.S.C. § 706(1); *see also Brock v. Pierce County*, 476 U.S. 253, 260 n.7,106 S.Ct. 1834, 90 L.Ed.2d 248 (1986) (noting that APA permits district court to compel agency action); *United States v. Popovich*, 820 F.2d 134, 137 (5th

Cir.) *cert. denied*, 108 S. Ct. 478 (1987) (same). The APA, standing alone, does not provide the basis for the exercise of subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). However, a federal district court has jurisdiction over "all civil action arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. This statute, in combination with the APA, vests this Court with jurisdiction to compel agency action that is unreasonably delayed or withheld. *Sierra Club v. Glickman*, 156 F.2d 606, 617 (5th Cir. 1998) (holding that suit to compel agency action could be brought under the APA); *see also Hu*, 2000 WL 425174, at *1; *Yu*, 36 F. Supp.2d at 933; *Sze v. INS*, No. C-97-0569, 1997 U.S. Dist. LEXIS 10822, at *4-5, 1997 WL 446236, (N.D. Cal. July 24, 1997) *appeal dismissed by* 153 F.3d 1005 (9th Cir. 1998); *Fraga*, 607 F. Supp. at 521.

To invoke jurisdiction under the APA, Plaintiff must show that (1) CIS has a non-discretionary duty to act; and (2) it unreasonably delayed in acting on that duty. 5 U.S.C. § 555(b), 701(a)(2); *see also Baker v. Still*, No. C 06-7456 MEJ, 2007 WL 1393750, *1 (N.D. Cal. May 9, 2007); *Gelfer v. Chertoff*, 2007 U.S. Dist. LEXIS 26566, at *3, 2007 WL 902382, (N.D. Cal. Mar. 22, 2007). Once Plaintiff proves a right to relief under the circumstances, it is the Court's duty to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 399 (E.D. Pa. 2007) (citing *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63, 124 S.Ct. 2737, 157 L.Ed.2d 137 (2004) ("Under the APA, a court may only compel an agency to take action upon a matter, without directing how it shall act.").

### A. The Statutes Do Not Vest the Attorney General With Sole Discretionary Authority and Do Not Bar Judicial Review

In its Motion to Dismiss, Defendants argue that they have no clear duty to adjudicate Plaintiff's application because decisions relating to the processing of his Application are purely

4

discretionary in nature. Courts have consistently rejected this argument. *See Mastrapasqua v. Shaughnessy*, 180 F.2d 999, 1002 (2d Cir. 1950) (In compelling INS and BIA to act upon petition for review of deportation proceeding, court found "[i]n appropriate circumstances, [courts] can compel correction of an abuse of discretion or can compel an official to exercise his discretion where he has obviously failed or refused to do so."); *Agemaple v. INS*, 1998 WL 292441, at *2 (held that INS has a non-discretionary duty to process immigration applications); *Patel v. INS*, No. 98CV1937 JCH, 2000 WL 298921, at *2 (E.D. Mo. Jan. 20, 2000); *Forest Guardians v. Babbitt*, 164 F.3d 1178, 1186 (10th Cir. 1999); *Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1452 (10th Cir. 1994); *Atlantic & Gulf Stream Stevedores, Inc. v. Donovan*, 274 F.2d 794, 798 (5th Cir. 1960); *Duan v. Zamberry*, No. 06-1351, 2007 U.S. Dist. LEXIS 12697, at *2, 2007 WL 626116 (W.D. Pa. Feb. 23, 2007); *Haidari*, 2006 U.S. LEXIS 89177, at *6; *Aboushaban*, 2006 U.S. Dist. LEXIS 81076, at *2; *Elkhatib*, 2007 U.S. Dist. LEXIS 22858, at *2-3; *Yu*, 36 F. Supp. 2d at 928; *Paunescu*, 76 F. Supp. 2d at 901.

    Defendants argue that 8 U.S.C. § 1252 restricts federal review of certain discretionary decisions in immigration cases. (Def.'s Mot. to Dismiss at 6). While Defendants are correct in their assertion that whether to grant or deny an application for adjustment of status is wholly discretionary, such discretion is "simply irrelevant to the question of whether [Defendant have] discretion to refuse to act on Plaintiff's application." *Yu*, 36 F. Supp. 2d at 931. Defendants are apparently "confusing its discretion over how it resolves [the application] ... with its discretion over whether it resolves them." *Yu*, 36 F. Supp. 2d at 931 (quoting *Dabone v. Thornburgh*, 734 F. Supp. 195, 200 (E.D. Pa. 1990). In finding a strong presumption in favor of judicial review of administrative action, the court in *Kahn v. United States*, 448 F.3d 226, 232 (3d Cir. 2006) stated:

> One might mistakenly read § 1252(a)(2)(B)(ii) as stripping us of authority to review any discretionary immigration decision. That reading, however, is incorrect, because §1252(a)(2)(b)(ii) strips us only of jurisdiction to review discretionary authority specified in the status . The statutory language is uncharacteristically pellucid on this score: it does not allude generally to "discretionary authority" or to "discretionary authority exercised under this statute," bur specifically to "authority for which it is specified under this subchapter to be in the discretion of the Attorney General.

*Kahn*, 448 F.3d at 232 (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)); *see also Duan*, 2007 U.S. Dist. LEXIS 12697, at *3.

Plaintiff is not asking this Court to compel the Defendants to grant his application for residency but rather asks the Court to compel Defendants to adjudicate his application – either granting it or denying it. In other words, Plaintiff is seeking an order compelling Defendants to take action, not to review action.

> 8 U.S.C. § 1252(a)(2)(B) provides:
>
> Notwithstanding any other provision of law, no court shall have jurisdiction to review –
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
> (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.
>
> The court in *Duan v. Zamberry* determined that 8 U.S.C. §1252(A)(2)(b)(ii)
>
> specifies only that it is within the discretion of the Attorney General to adjust one's status; it does not address, much less specify, any discretion associated with, the pace of application processing. Although the speed of processing may be discretionary in the sense that it is determined by choice, and that it rests on various decisions that Defendants may be entitled to make, it is not discretionary in the manner required by jurisdiction-stripping language of the IIRIRA.

*Id.* at *8; *see also Valenzuela*, 2006 U.S. LEXIS 61054 at **19-20; *Alaska v. Attorney General*, 456 F.3d 88, 95 (3d Cir. 2006) ("The jurisdiction-stripping language of § 1252 (a)(2)(B)(ii) applies not to all decisions the Attorney General is entitled to make, but to a narrower category of decisions where Congress has taken the additional step to specify that the sole authority for

6

the action is in the Attorney General's discretion."); *Khan,* 448 F.3d at 232 (noting that "'to specify' means '[t]o state explicitly or in detail,' and following the Second Circuit in finding that § 1252(a)(2)(B)(ii) does not deprive the Courts of Appeals of jurisdiction to review a claim that an IJ wrongly denied a motion for a continuance in an immigration proceeding"); *Sanusi v. Gonzales,* 445 F.3d 193, 198-99 (2d Cir. 2006) (per curiam) (citing *St. Cyr* and reiterating the "strong presumption in favor of judicial review of administrative action" in holding that § 1252(a)(2)(B)(ii) "does not deprive [the Court of Appeals] of jurisdiction to review decisions by IJs to grant or to deny continuances"); *Huang v. Gonzales,* No. C07-0096RSM, 2007 U.S. Dist. LEXIS 32276, at *7 (W.D. Wash. May 2, 2007). Moreover, courts recognize "the strong presumption in favor of judicial review of administrative action." *Sepulveda v. Gonzales,* 407 F.3d 59, 62 (2d Cir. 2005) (quoting *INS v. St. Cyr,* 533 U.S. 289, 298, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)). In other words, while the decision itself may be delegated to the discretion of the Attorney General, the act of making such decision is not. *See Iddir v. INS*, 301 F.3d 492, 497-98 (7th Cir. 2002). Thus, because Plaintiff is not challenging a decision to deny relief, the relief sought is not discretionary and in fact, is by definition a mandatory duty.

## II.   The Plaintiff is Entitled to Seek Mandamus Relief

The Mandamus Act provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. It is clear that "to be entitled to mandamus relief, the plaintiff must establish (1) that his or her claim is 'clear and certain'; (2) that the duty owed is 'ministerial and so plainly prescribed as to be free from doubt'; and (3) that no other adequate remedy is available." *Yu,* 36 F. Supp.2d at 928 (quoting *Johnson v. Rogers,* 917 F.2d 1283, 1285 (10th Cir. 1990)); *see also In re Asemani*, 455 F.3d 296, 299

(D.C. Cir. 2006) (quoting *In re: Sealed Case*, 151 F.3d 1059, 1063 (D.C. Cir. 1998) ("A petitioner seeking mandamus must show his 'right to issuance of the writ is clear and indisputable' and that 'no other adequate means to attain the relief exist[s].'"); *Hernandez-Avalos v. INS*, 50 F.3d 842, 844 (10th Cir. 1995).

### A. Plaintiff's claim is 'Clear and Certain'

Applicants for adjustment of status are the logical plaintiffs to contest Defendants' failure to process their applications. *Yu*, 36 F. Supp. 2d at 930. The power to confer citizenship and lawful permanent residence rests solely with Congress, as delegated to the Executive Branch to administer. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002). 8 U.S.C. § 1103 provides that "[t]he Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." *Yu*, 36 F. Supp. 2d at 932. The governing statues for visa petitions (8 U.S.C. § 1153) and adjustment applications (8 U.S.C. § 1255) provide the relevant guidance on Plaintiff's rights and Defendants' corresponding duties. Section 1153 (b)(3)(A) provides "Visas shall be made available… (ii) Qualified immigrants who hold baccalaureate degrees and who are members of the professions." Adjustment of immigration status is governed by 8 U.S. C. § 1255 which provides in relevant part, that:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Accordingly, an alien who has been admitted to the United States, meets the other requirements for an adjustment, can file an adjustment of status application concurrently with his petition for alien worker. See 8 C.F.R. § 245.2(a)(2)(C)(2).

While Defendants are correct that the decision of whether to grant or deny an adjustment application is wholly discretionary, however, the majority of courts have found that the decision of whether to actually adjudicate an adjustment application, as Plaintiff is requesting in this case, is not discretionary. *See Kim v. Ashcroft,* 340 F. Supp. 2d 384, 389 (S.D.N.Y. 2004); *see also Bartolini v. Ashcroft,* 226 F. Supp. 2d 350, 353 (D.Conn. 2002) ("the INS does not have discretion as to whether to adjudicate an adjustment of status application"); *Song v. Klapakas,* No. 06-05589, 2007 U.S. Dist. LEXIS 27203, at * 12 (E.D. Penn. Apr. 12, 2007) (finding that defendants' failure to adjudicate an application for adjustment of status was not a discretionary decision); *Loo v. Ridge,* No. 04 cv5553 (DLI)(RML), 2007 U.S. Dist. LEXIS 17822, at *9, 2007 WL 813000, (E.D.N.Y. Mar. 14, 2007) (noting that adjudicating an adjustment of status application is not at the discretion of defendants because defendants are required to do so); *Yu,* 36 F. Supp. 2d at 931-32 (holding that the INS owes plaintiff a duty to process her application for a change of status to permanent resident). Moreover, there is nothing in the statute to suggest that the speed of adjudication is discretionary. *See Huang,* 2007 U.S. Dist. LEXIS 32276, at *8 ("nothing in the INA addresses, much less specifies, any discretion associated with the pace of adjudication"); *Duan,* 2007 U.S. Dist. LEXIS 12697, at *7 ("Although the speed of processing may be 'discretionary' in the sense that it is determined by choice, and that it rests on various decisions that Defendants may be entitled to make, it is not discretionary in the manner required by the jurisdiction-stripping language of the IIRIRA .").

Although this statute does not specify a time by which an adjudication should be made,

9

Defendants' contention that the timing of processing is a discretionary act is flawed. First, under 8 C.F.R. § 245.2(a)(5)(i), an applicant for residency under this section "shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." When a statute uses the word "shall," Congress has imposed a mandatory duty upon the subject of the command. *See Forest Guardians,* 164 F.3d at 1187. Second, Defendants' reliance on *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006) for the proposition that the word "action" in § 1252(a)(2)(B)(ii) encompasses the entire process of reviewing an adjustment application, including the pace at which USCIS processes these applications is misplaced. The *Safadi* court made clear that its decision did not address "the question whether jurisdiction would exist in an application or where the delay was so unreasonable as to be tantamount to a refusal to process the application." *Safadi*, 466 F. Supp. at 700. Moreover, the courts in *Huang,* 2007 U.S. Dist. LEXIS 32276, at *10 and *Duan,* 2007 U.S. Dist. LEXIS 12697, at *9 raised the question of whether, based on this disclaimer, a reasonable delay might qualify as "action," whereas an unreasonable delay would not. *See Bartolini*, 226 F. Supp. 2d at 353-54 ("the INS does not have discretion as to whether to adjudicate an adjustment of status application").

### B. Duty Owed by Defendants' is Clear

Defendants have a duty to adjudicate Plaintiff's Application within a reasonable time. The regulations do not envision or allow the government to hold an application for adjustment of status for an unreasonable period of time without making a decision and providing notice to the applicant of that decision. Section 6 of the APA requires that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall process to conclude a matter presented to it." 5 U.S.C. § 555(b). Under the APA, federal courts "shall… compel agency action unlawfully withheld or unreasonable

delayed…" 5 U.S.C. § 706(1). It is well established under the APA that a district court has subject matter jurisdiction over any sufficiently stated claim for relief. *Baker*, 2007 WL 1393750, *1; *Gelfer v. Chertoff*, No. C 06-06724 WHA, 2007 U.S. Dist. LEXIS 26566, at *3, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007) (citing *Norton*, 542 U.S. at 63-65); *Koren v. Chertoff*, No. 3:07cv157 (PCD), 2007 WL 1431948 (D. Conn. May 14, 2007). Several courts have found that alleging a violation of section 555(b) of the APA brings the action within federal question jurisdiction as long as the claim is not "wholly insubstantial and frivolous" or "patently without merit." *Kim*, 340 F. Supp. 2d at 391-92; *Bartolini*, 226 F. Supp. 2d at 353-54 (finding that plaintiff's claim "cannot be said to be patently without merit" and concluding that "subject matter jurisdiction exists based on 28 U.S.C. § 1331 in conjunction with 5 U.S.C. § 555(b)"); *Haidari*, 2006 WL 3544922, at *3 (subject matter jurisdiction found over plaintiff's claim to have USCIS adjudicate their I-485 applications within a reasonable time under § 555(b)).

Although government officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application (respectively, a name check), they have a non-discretionary duty to make "diligent efforts" to adjudicate immigration applications. *Nyaga v. Ashcroft*, 186 F. Supp. 1244, 1253 (N.D. Ga. 2002), *vacated on other grounds*, 323 F.3d 906 (11th Cir. 2003) (adjustment of status); *Fraga*, 607 F. Supp. at 521; *see also Hseih v. Killeyu*, 569 F.2d 1179, 1182 (2d Cir.) *cert. denied*, 439 U.S. 828 (1978) (visa application); *Paunescu*, 76 F. Supp. 2d at 901(immigrant visa and adjustment of status); *Yu*, 36 F. Supp. 2d at 931 (adjustment of status); *Agbemaple*, 1998 WL 292441, at *2 (same); and more recently, *Elkhatib*, 2005 U.S. Dist. LEXIS 22858, at *3. Where the evidence demonstrates that the government failed to act to process an immigration application, the court may order the government to exercise its discretion. *See Nyaga*, 186 F. Supp. 2d at 1253; *Koren*, 2007 WL 1431948, at * 5-6.

While it is clear that the court may not mandate a certain outcome in the adjudication because the result of the adjudication is left to the discretion of the government, the court may order the government to perform its non-discretionary duty to adjudicate the application. *Nyaga*, 186 F. Supp. 2d at 1253. As the district court in *Nyaga* recognized, Congress could not have intended to authorize potentially interminable delays; not recognizing a duty to act would permit the government to delay indefinitely. *Id.* citing *Agbemaple*, 1998 WL 292441, at *2; *see also Yu*, 36 F. Supp. 2d at 931 (quoting *Forest Guardians*, 164 F.3d at 1269 ("administrative agencies are not entitled to avoid discharging the duties that Congress intended them to perform.")). Consequently, "a court may require an agency to take action upon a matter, without directing how it shall act." *Yu*, 36 F. Supp.2d at 931 (quoting *Forest Guardians*, 164 F.3d at 1271 (quoting Attorney General's Manual on the Administrative Procedures Act, at 108 (1947)); *see also Norton*, 542 U.S. at 64 (2004).

While the immigration statutes at issue here provide no timeliness requirement, many courts read the APA to impose such a requirement. *Aboushaban*, 2006 WL 3041086, at *2; *Baker*, 2007 WL 1393750, at *2; *Yu*, 36 F. Supp. 2d at 928-931 (applying the APA's reasonable requirement to similar regulatory provisions); *Kim*, 340 F. Supp. 2d at 391-92 (same); *Duan*, 2007 U.S. Dist. LEXIS 12697, at *12 (same); *Koren*, 2007 WL 1431948, at *6-7. Moreover, the majority of courts have concluded that "the CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely." *Kim*, 340 F. Supp. 2d at 393; *Kaplan*, 481 F. Supp. 2d at 399. This result is "explicitly foreclosed by the APA." *Kaplan*, 481 F. Supp. 2d at 399; *see also Kim*, 340 F. Supp. 2d at 393 (held that although no statutory or regulatory deadline by which the CIS must adjudicate an application, at some point, defendants' failure to take any action runs afoul of the APA); *Duan*, 2007 U.S. Dist.

LEXIS 12697, at *13 (CIS violated APA by unreasonably withholding naturalization decision); *Alkenani,* 356 F. Supp. 2d at 657 ("[CIS has] a clear duty to process petitioner's application for naturalization within a reasonable time."); *Ngwanyia v. Ashcroft,* 302 F. Supp. 2d 1076, 1083 (D.Minn. 2004) (CIS violated APA by unreasonably withholding decision as to LPR status); *Yu,* 36 F. Supp. 2d at 930 ("[C]ourts have specifically recognized jurisdiction under § 1331 and the APA to hear challenges to INS delays in processing visa, LPR, and citizen applications."); *Fraga,* 607 F. Supp. at 520 (D.Or. 1985) (jurisdiction under APA for challenge to INS delay in processing citizen applications for foreign born citizens).  Therefore, allowing Defendants a limitless amount of time to adjudicate Plaintiff's Application "would be contrary to the 'reasonable time' frame under 5 U.S.C. § 555(b) and, ultimately, could negate the [CIS's] duty under 8 C.F.R. § 245.2(a)(5)." *Baker,* 2007 WL 1393750, at *2; *Koren,* 2007 WL 1431948, at *7; *see also Gelfer,* 2007 U.S. Dist. LEXIS 26566, at *4 (citing *Singh v. Still,* 470 F. Supp. 2d 1064, 1067-68 (N.D. Cal. 2006)).

The majority of courts have found that Plaintiff is entitled to a decision within a reasonable time, *Agbemaple,* 1998 WL 292441, at *2 and that it is within the power of the court to order such adjudication. *Nadler v. INS,* 737 F. Supp. 658, 659 (D.D.C. 1989) (citing law of the case in the form of an issued writ of mandamus "ordering the [INS] to adjudicate plaintiff's adjustment of status within thirty days").  Moreover, several courts have already found that an applicant has a clear right to have his or her application for adjustment of status adjudicated within a reasonable period of time. *See Yu,* 36 F. Supp. 2d at 925 (finding under regulatory language that the INS owed plaintiff a duty to process her application for change of status to permanent resident); *Aboushaban,* 2006 WL 3041086, at *2 (holding that an application pending for nearly a decade was an unreasonable delay); *Agbemaple,* 1998 WL 292441, at *2 (finding

dismissal inappropriate because a twenty month delay could be found to be unreasonable and holding as a matter of law that plaintiff is entitled to a decision within a reasonable time, and that it is within the power of the court to order such an adjudication); *Paunescu,* 76 F. Supp. 2d at 901 (holding a ten-month delay unreasonable); *Yu,* 36 F. Supp. 2d at 931 (holding a two-and-a-half year delay is unreasonable); *Fu v. Gonzales*, No. C 07-0207 EDL, 2007 WL 1455873, at *4 (N.D. Cal. May 17, 2007) (three and half year delay); *Gelfer*, 2007 U.S. Dist. LEXIS 26566, at *2 (two year delay unreasonable).

A contrary position such as Defendants argue would permit USCIS to delay indefinitely. Such a suggestion is misguided, however, because Plaintiff could potentially wait indefinitely for the completion of such investigation. Courts have rejected this argument stating that "[a]llowing Defendants a limitless amount of time to adjudicate Plaintiff's application 'would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. § 555(b) and, ultimately, could negate the [USCIS's] duty under 8 C.F.R. § 245.2(a)(5).'" *Baker*, 2007 WL 1393750, at *2; *Gelfer,* 2007 U.S. Dist. LEXIS 26566, at *4 (citing *Singh*, 470 F. Supp. 2d at 1067-68). Congress could not have intended to authorize potentially interminable delays.

Defendants also argue that it is acceptable to delay Plaintiff's petition in the name of national security especially when the number of applications that must be processed is exceedingly high.[1] (Def.'s Mot. to Dismiss at 14). Realistically, this statement is simply not true. According to Defendants' own analysis:

> [c]onsidering the cost and inconveniences caused by the delays, the value of the FBI name check process should be reexamined... Thus, delays in the name check process actually prolong an individuals presence (albeit in an interim status) in the United States while the check is pending. In that sense, the current USCIS name check policy may

---

[1] In December 2002, USCIS (then INS) resubmitted 2.4 million applicant names for expanded checks almost double the number USCIS typically submits in a year's time. Office of Inspections and Special Reviews, Department of Homeland Security, Office of Inspector General report titled "A Review of U.S. Citizenship and Immigration Services' Alien Security Checks" OIG-06-06, published in November 2005 (page 24).

increase the risk to national security by prolonging the time a potential criminal or terrorist remains in the county.[2]

Therefore, even Defendants themselves recognize that unreasonable delays in the name check process may impose a security risk contrary to what Congress intended for the safeguarding of national security. *See Duan*, 2007 U.S. Dist. LEXIS 12697, at *13 ("Just as we must be vigilant about security, however, we must also be vigilant against the undue narrowing of access to our courts in the name of that same security. The inevitability or necessity of processing delays does not require that the courts, without clear legislative direction, act to propagate those delays."). Thus, Defendants' adjudication of Plaintiff's application in a timely manner is certainly not in conflict with national security. It is the unreasonable delay that may impose a risk against national security and it is the Defendants' sole responsibility to implement a more efficient system to speed the process required by national security.

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Baker*, 2007 WL 1393750, at *2 (quoting *Yu*, 36 F. Supp. 2d at 934). Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12 (b)(6) is proper only if it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Baker*, 2007 WL 1393750, at *2; *Conley v. Gibson*, 355 U.S. 41, 45 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Here, Defendants fail to show that the current delay is reasonable as a matter of law despite the fact that Plaintiff filed his application over three years ago. Defendants contend that CIS is proceeding in an orderly fashion with Plaintiff's application, but the large volume of petitions and applications requiring

---

[2] Citizenship and Immigration Services Ombudsman 2006 Annual Report (pages 23-26) http://www.dhs.gov/xlibrary/assets/CISOmbudsman_Annual_Report_2006.pdf

adjudication make the delay unreasonable.³ Moreover, at least one court has found that "[t]he delay of the adjudication of [plaintiff's I-485] largely stems from the USCIS's untimeliness in its initial requests to the FBI. *Haidari*, 2006 WL 3544922, at *6 ("While FBI background checks are important and may sometimes require extensive amounts of time, the FBI's delay here does not negate the USCIS's duty to process the Plaintiffs' applications in a reasonable time, both upfront when receiving the forms from the applicants, and later when receiving the information from the FBI."). Therefore, Defendants' three year delay in the adjudication of Plaintiff's application is not reasonable as a matter of law.

### C. There are No Other Remedies Available

Plaintiff has no other administrative remedies available to him, as there are no administrative remedies provided for neglect of duty and failure to comply with agency regulations. *See Tjin-A-Tam v. U.S. Department of Homeland Security*, 2007 WL 781339, at *3 (S.D. Fla. Mar. 12, 2007) (holding no other remedy available to the Plaintiff to compel the government to adjudicate his I-485 application). Moreover, because the Department of Homeland Security has failed to adjudicate Plaintiff's Application for Adjustment of Status, there is no final decision for Plaintiff to appeal. Courts have rejected Defendants argument that

---

³ It is unclear how this delay is attributable to Plaintiff. In USCIS's own annual report to Congress indicated that "USCIS has limited capability to produce reports detailing the status of long-pending FBI name check cases. In addition, USCIS systems do not automatically indicate when a delayed name check is complete and the case can be adjudicated. Often, this leads to a situation where the validity of other checks expire before USCIS reviews the case. Those checks then need to be reinitiated, adding financial and time costs for applicants and USCIS. The high volume of FBI name check cases and the relatively limited resources devoted to background and security checks are major problems. The FBI's manual processing exacerbates delays. Citizenship and Immigration Services Ombudsman 2006 Annual Report (pages 23-26) http://www/dhs.gov/xlibrary/assets/CISOmbudsman_Annual Report_2006.pdf
In the Office of Inspections and Special Reviews, Department of Homeland Security, Office of Inspector General report titled "A Review of U.S. Citizenship and Immigration Services' Alien Security Checks" OIG-06-06, published in November 2005 (pages 19-24), it was reported that the USCIS lacks a complete record of the security checks performed and that security check records are fragmentary. One explanation found for this was that USCIS does not have sufficient management controls to limit security check errors. Moreover, several managers and staff reported that adjudicators routinely conduct new checks rather than rely on the file record. In December 2002, USCIS resubmitted 2.4 million applicant names for expanded checks. As of February 2005, 8,500 were remaining from the December 2002 rerun. http://www.dhs.gov/xoig/assets/mgmtrpts/OIG_06-06_Nov05.pdf

Plaintiff's adequate remedy would be to await completion of the FBI background investigation. *See Kaplan*, 481 F. Supp. 2d at 399; *Duan*, 2007 U.S. Dist. LEXIS 12697, at *13 (quoting *Kim*, 340 F. Supp. 2d at 393 ("[t]he danger of non-reviewability is the "unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely.")).

### III. Conclusion

Plaintiff has a clear right to receive a decision from Defendants because he submitted a complete Form I-485, Application to Adjust Status and supporting documents to the correct office on April 24, 2004. The Texas Service Center, where Plaintiff's Application was recently transferred, is adjudicating Form I-485 employment-based applications for adjustment of status that were filed on or before September 15, 2006.[4] The APA provides that government agencies owe Plaintiff a duty to complete processing of his Application within a reasonable time. As a result, Plaintiff has established that he is entitled to mandamus relief because Defendants owe Plaintiff a duty that is mandatory and non-discretionary. Moreover, relief under the Mandamus Act and the APA are virtually equivalent when a plaintiff seeks to compel an agency to act on a non-discretionary duty. *Gelfer*, 2007 U.S. Dist. LEXIS 26566, at *3 (Finding jurisdiction under the APA, the court declined to address mandamus jurisdiction, in light of the similarities between mandamus and APA); *Independence Mining Company v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Plaintiff has demonstrated that Defendants have a non-discretionary duty to adjudicate Plaintiff's Application and the thirty-eight month delay of the Plaintiff's application is unreasonable. Therefore, 28 U.S.C. § 1331, in combination with the APA, is proper for the court to compel agency action in this matter.

---

[4] Courts evaluating the questions of "unreasonable delay" where Congress has not specified a time frame for processing, sometimes consider the agency's "usual processing time" for matters of the type at issue. *See Razaq v. Poulos*, No. C 06-2461 WDB, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007); *Galvey v. Howerton*, 503 F. Supp. 35 (C.D. Cal. 1980) (operating instructions not law but provide a "yardstick" for measuring reasonableness).

Dated: June 5, 2007

                                                Respectfully submitted,

                                                Mark A. Mancini, Esq.
                                  Wasserman, Mancini, & Chang, P.C.
                                      1915 I Street NW Suite 400
                                        Washington, D.C. 20006
                                          (202) 783-8905 (Tel.)
                                          (202) 333-1688 (Fax)
                                          WMCLAWFIRM@aol.com
                                                      (email)
                                          DC Bar Number# 194126
                                            Attorney for Plaintiff
                                                    Jianping Sun

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of June 2007, a copy of the foregoing was filed and sent electronically to the following:

Sherease Louis
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530

                                                                 Mark A. Mancini, Esq.
                                                                 Attorney for Plaintiff Jianping Sun

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jianping Sun | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 07-0504 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| Alberto Gonzales, et al. | ) | |
| | ) | |
| Defendants | ) | |

### ORDER

Upon consideration of the defendants' Motion to Dismiss and Plaintiff's Opposition to the defendants' Motion to Dismiss, it is hereby on this _____ day of _____, 2007 hereby ORDERED:

1. That the defendants' Motion to Dismiss be and hereby is DENIED;

2. The Clerk of the Court shall send a copy of this order to all of the parties of record.

SO ORDERED.

_____
The Honorable John D. Bates
United States District Judge