UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIANPING SUN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-0504 (JDB) |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

The issue presented in this suit is whether an applicant for adjustment of status to that of a permanent resident of the United States, whose security check is pending, has presented this Court with a justiciable action such that a Court may order mandamus relief. In essence, Plaintiff argues that, because he has submitted an adjustment of status application, paid the application fees, and has now filed suit, he is entitled to the extraordinary remedy of mandamus relief, to essentially leap in front of each and every other equally worthy applicant and have his application adjudicated immediately.

Because this Court does not have jurisdiction, under any statute, to compel the United States Citizenship and Immigration Services ("USCIS"), the Federal Bureau of Investigation ("FBI") "and related officials and agencies"[1] to expedite adjudication of Plaintiff's adjustment of status application ahead of other equally worthy applicants, this Court should dismiss Plaintiff's suit for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil procedure 12(b)(1) and 12(b)(6).

---

[1]  Plaintiff's Opp. at 1.

**ARGUMENT**

I.      **THE COURT LACKS JURISDICTION UNDER 28 U.S.C § 1361.**

Plaintiff Jianping Sun alleges that his application to adjust his status was "complete more than three years ago" and that "Defendants have improperly withheld action." Plaintiff's Opp. at 2. Plaintiff urges this Court to compel Defendants to "complete processing of seriously delayed routine security checks" and adjudicate his pending application. *Id.* at 1. Plaintiff cites 28 U.S.C. § 1361 (mandamus jurisdiction) as the jurisdictional basis for compelling Defendants to adjudicate his application. Opp. at 2.

Section 1361 provides district courts with original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. The statutory provision provides

> [t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. As stated in Defendants' MTD, however, for jurisdiction to be conferred upon a court by 28 U.S.C. § 1361, there must be an entitlement created by a separate federal law. In the absence of a separate federal law providing jurisdiction, section 1361 does not confer jurisdiction in this case.

Further, Plaintiff's argument in favor of mandamus jurisdiction misapprehends an important distinction in this case, between a refusal to adjudicate an adjustment of status application and the time frame by which an adjudication should proceed. Given that the issue in this case is the timing of adjudication, and not a refusal or unreasonable failure to adjudicate, mandamus relief is inappropriate.

As attested to in the Puripongs and Cannon Declarations, submitted with Defendants' MTD, the process of adjudicating Plaintiff's application involves several steps, including a national security screening involving a name check. Puripongs Decl. ¶¶ 3-6 , 8-9; Cannon Decl. ¶¶ 4, 10-20, 22; USCIS Fact Sheet, *generally*. Merely submitting the paperwork and paying the requisite fee is not an indication that an applicant's "case is complete," as Plaintiff alleges. Plaintiff's Opp. at 2.

As no one disputes, there are several elements that an applicant must satisfy before an application may be adjudicated. In order for USCIS to complete its adjudication of Plaintiff Sun's application, it must await the results of the FBI's name check. Puripongs Decl. ¶ 8. The FBI is performing the name check, and once the name check is complete the FBI will forward the results to USCIS. Cannon Decl. ¶ 22.

The steps to be taken in adjudicating an application, as well as the timing of those steps, are matters entirely within USCIS discretion. The timing of the name check and adjudication is a function of the Defendants' caseload, resources, and the complexities of each case *i.e.* similarity to other names. Accordingly, although Plaintiff argues his wait of just over three years is an "unreasonable period," Plaintiff's Opp. at 10, a reasonable time for completion of Plaintiff's name check and adjudication of his application should not be determined based on his, or any other applicant's, personal timetable or subjective sense of what is reasonable. As the Puripongs and Cannon Declarations make clear, the agencies involved are working to adjudicate Plaintiff's application. So long as the delay is being caused by the time-consuming nature of the security screening tasks, in light of the volume of applications and the available resources, and not because of agency inaction, the time to adjudicate the applications should not be characterized as unreasonable. *See, e.g., Dong Liu v. Chertoff*, 2007 WL 1300127 *5 (S.D.Cal. April 30, 2007)

(noting that federal courts have recently become "inundated" with petitions seeking relief from delay in CIS adjudications and finding that "[a]s long as [CIS] continues to make reasonable efforts to complete [the] Plaintiff's I-485 applications, the pace required to complete that process is committed to their discretion").

Thus, because the appropriate steps are being taken, and the delay in completing the adjudication of Plaintiff Sun's application is not attributable to a failure to act on Defendants' part, but is a result of the tremendous volume of applicants and the delays inherent in the security screening and name check process, there is no basis for the Court to order mandamus relief. As one court recently noted,

> it is ill-advised for courts to interfere with otherwise unreviewable agency decisions. *Zheng*, 166 F.Supp.2d at 879-80 (judicial creation of a duty to complete an adjustment of status application within a specified time "would have the potential for mischievous interference with the functioning of already overburdened administrative agencies" (quoting *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir.1978))). When, as here, the Court lacks power to review the ultimate agency decision and the agency's cases are backlogged, granting the writ to compel adjudication would do nothing more than shuffle to the front of the line those I-485 applicants canny enough to file a complaint in federal district court. *Liberty Fund [Inc. v. Chao]*, 394 F. Supp 2d at 116 (noting that if the court were to grant mandamus relief it "would simply move petitioners to the front of the queue, at the expense of other similarly situated applicants"). As the *Safadi* court noted, the problem of administrative creep is properly addressed through the political branches. *Safadi*, 466 F.Supp.2d at 701 & nn. 6-7.

*Qui v. Chertoff*, --- F.Supp.2d ----, 2007 WL 1430207, *6, (D.N.J. May 15, 2007). The *Qui* Court goes on to cite, in a footnote, a string of cases holding against the issuance of mandamus relief, and the rationale for declining to do so.[2]

---

[2] *See also Li v. Chertoff* 482 F. Supp. 2d 1172 (S.D.Cal. Apr.2, 2007) (no jurisdiction to compel adjudication of I-485 application under the mandamus statute or the APA because "no statute or regulation specifies a time period within which USCIS must act"); *Liberty Fund, Inc. v. Chao*, 394 F.Supp.2d 105, 115 (D.D.C.2005) (rejecting "the handful of unpublished district court decisions in other circuits that have granted mandamus petitions based solely on the

4

Plaintiff next argues that "USCIS has a non-discretionary duty to process Mr. Sun's adjustment application within a reasonable time." Plaintiff's Opp. at 2. However, as the court in *Loo v. Ridge*, a case Plaintiff cites to in his Opposition, noted,

> the court can offer no relief, especially since the Supreme Court has held that evidence of the passage of time cannot, standing alone, support a claim of unreasonable delay. *See INS v. Miranda*, 459 U.S. 14, 19, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982). Moreover, the defendants are correct that "no statute or regulation requires the Government to process adjustment applications within any particular time." *Espin*, 381 F.Supp.2d at 267.

*Loo v. Ridge, Slip Copy*, 2007 WL 813000, *4 (E.D.N.Y.) (March 14, 2007). The Court went on to deny the petition "to the extent that it seeks to force defendants to adjudicate Chan's application for adjustment of status." *Id.* at *5.

## II.   THE COURT LACKS JURISDICTION UNDER THE APA AND 28 U.S.C. § 1331.

Plaintiff next alleges that he has a right to have his application adjudicated within a "reasonable" time under the APA, and that this statute, "in combination with 28 U.S.C. § 1331, provides federal district courts with the jurisdiction 'to compel agency action unlawfully withheld or unreasonably delayed.'" Opp. at 2.

---

length of a processing delay"); *Espin v. Gantner*, 381 F. Supp.2d 261, 265 (S.D.N.Y.2005) ("[T]he process of immigration status adjustment is not susceptible to mandamus jurisdiction because it is wholly discretionary with the Attorney General"); *Hui Jin Zheng v. Reno*, 166 F.Supp.2d 875, 879 (S.D.N.Y.2001) (holding that "there is no requirement that [an application to adjust immigration status] be decided within a specific period of time"). Cf. *Kleindienst v. Mandel*, 408 U.S. 753, 766, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) ("The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications" (quoting *Lem Moon Sing v. U.S.*, 158 U.S. 538, 547, 15 S.Ct. 967, 39 L.Ed. 1082 (1895))).

*Qui v. Chertoff,* at *3.

    **A.**    **The APA.**

The relevant sections of the APA provide

> [w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.

5 U.S.C. 555(b);

\*    \*    \*

> (a) This chapter applies, according to the provisions thereof, except to the extent that—
>   (1) statutes preclude judicial review; or
>   (2) agency action is committed to agency discretion by law.
> (b) For the purpose of this chapter—
>   (1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—
>     (A) the Congress;
>     (B) the courts of the United States;
>     (C) the governments of the territories or possessions of the United States;
>     (D) the government of the District of Columbia;
>     (E) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;

5 U.S.C. § 701; and

> [a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.

5 U.S.C. § 704.

First, there has not yet been a final agency action in Plaintiff's case. Thus, because there is no statute providing for judicial review of the pace of adjustment of status adjudications, and no final agency action on Plaintiff's application, the Court lacks jurisdiction under 5 U.S.C. § 704.

Second, APA review of agency action taken pursuant to a particular statute is not available where the latter statute precludes judicial review, or as the APA puts it, "[t]his chapter applies . . . except to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a)(1). Courts have construed this language as precluding judicial review when a different statute provides the procedures for judicial review. *Ortego v. Weinberger*, 516 F.2d 1005, 1009 (5th Cir. 1975) ("Where an act provides procedures for judicial review, a court cannot review an agency decision by any other means).

Third, the APA does not apply where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Even though an agency's failure to act is "sometimes remediable under the APA," a claim exists "only where a plaintiff asserts that an agency failed to take discrete action that it is required to take." *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55, 61, 64 (2004). Plaintiff essentially alleges that USCIS is in violation of the APA because USCIS has not completed adjudication of Plaintiff's application within Plaintiff's subjective sense of what is reasonable. As explained above, the issue here is not a lack of action but the time-consuming nature of the security screening process, the sheer volume of applicants, and the agencies' resources. USCIS has the discretion to withhold adjudication to ensure that the security screening process is completed and that Plaintiff meets all eligibility criteria. Thus, Plaintiff has no right under the APA to compel USCIS to act. *Zahani v. Neufeld, Slip Copy*, 2006 WL 2246211, *3, (M.D.Fla.,2006)(construing Section 701(a)(2) to preclude jurisdiction to hear challenge to CIS' failure to adjudicate application for permanent lawful status); *Dinsey v. Department of Homeland Security -U.S.*, Not Reported in F. Supp.2d, 2004 WL 1698630, *4 (same). In fact, in *Qui v. Chertoff*, the court observed that "[s]everal cases from other districts, however, have held that there is a non-discretionary duty on the part of immigration officials to

7


adjudicate adjustment of status applications and have granted mandamus relief to the plaintiffs." *Qui v. Chertoff*, --- F.Supp.2d ----, 2007 WL 1430207,*3 (D.N.J.) (May 15, 2007). In declining to follow these cases, the court noted that "[m]ost of these cases, however, do not cite to a statutory or regulatory source for the defendants' non-discretionary duty" including *Duan v. Zamberry*, No. 06-1351, 2007 WL 626116 (W.D. Pa. Feb 23, 2007); *Salehian v. Novak*, No. 06-459(PCD), 2006 WL 3041109 (D.Conn. Oct.3, 2006); *Valenzuela v. Kehl*, No. 3:05-CV-1764BF, 2006 WL 2474088 (N.D.Tex. Aug.28, 2006); *Paunescu v. I.N.S.*, 76 F.Supp.2d 896, 901 (N.D.Ill.1999). *Id.* Footnote 4.

"A court only has jurisdiction to compel an agency to act within a certain time period under the APA when the agency is compelled by law to act within a certain time period." *Qui v. Chertoff,* 2007 WL 1430207 at *5 (D.N.J.,2007); *citing Norton*, at 61 (2004)("[f]ailures to act are sometimes remediable under the APA, but not always."). Plaintiff cites to no provision in any statute or regulation that specifies a time period for the USCIS to adjudicate adjustment of status applications. Because Congress has not specified a time period for USCIS to act, this Court lacks jurisdiction to compel the USCIS to complete the adjudication of Plaintiff's application ahead of other applicants. As one court recently held,

> "if Congress intended to confer jurisdiction on a federal court to review the pace of adjudication for adjustment of status applications, it would have expressly provided for a time limitation in 8 U.S.C. § 1255(a), as it did in 8 U.S.C. § 1447(b). Section 1447(b) provides for a 120 day time limit to make a determination on a naturalization application after an examination is conducted. 8 U.S.C. § 1447(b) (2006). That Congress did not do so here reflects its intent to leave the pace of adjudication discretionary with the United States Attorney General and outside the scope of judicial review. While this Court acknowledges Plaintiff's frustration from waiting indefinitely in "immigration limbo" for a determination, it finds that Congress, rather than a federal court, is the proper governmental body to fashion a remedy."

 *Grinberg v. Swacina,* 478 F. Supp.2d 1350, 1352 (S.D. Fl. 2007).

In this case, Plaintiff has submitted no evidence "that the government failed to act to process an immigration application" or that there has been any "neglect of duty and failure to comply with agency regulations." Plaintiff's Opp. at 11, 16. Hence, there is no basis for the Court to order mandamus relief.

### B.  28 U.S.C. § 1331

Section 1331 provides that

> [t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331.

As set forth in Defendants' Motion to Dismiss, Congress's specific bar of subject matter jurisdiction defeats Plaintiff's assertion of both general federal question jurisdiction under 28 U.S.C. § 1331 and mandamus jurisdiction under 28 U.S.C. § 1361. 8 U.S.C. § 1252(a)(2)(B); *see Safadi v. Howard*, 466 F. Supp.2d at 700; *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 445 (E.D. Va. 2005) ("[I]t is well settled that general grants of jurisdiction may not be relied upon to expand a very specific statute that either grants or limits jurisdiction."). Moreover, section 1252(a)(2)(B) specifically states that it applies "notwithstanding... [28 U.S.C.] § 1361." 8 U.S.C. § 1252(a)(2)(B). A sensible interpretation of the statute's preclusion of judicial review of USCIS' discretionary acts would rationally extend to the pace of those discretionary acts. *See* U.S.C. 1252(a)(2)(B)(i),(ii).

### III.  CONGRESS HAS VESTED THE ATTORNEY GENERAL WITH SOLE DISCRETIONARY AUTHORITY OVER AN ALIEN'S APPLICATION FOR ADJUSTMENT OF STATUS.

The adjustment-of-status statute, Section 245(a) of the I.N.A., 8 U.S.C. §1255(a), provides that the status of an alien who has been admitted or paroled into the United States "may

9

be adjusted by the [Secretary], in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence . . . ." (emphasis added). Granting or denying the application is thus purely discretionary. Significantly, neither the face of the statute nor the enabling regulations specify a time frame within which the Secretary must act on the application. Id.; 8 C.F.R. Pt. 245. The process is quintessentially discretionary, and it is removed from the ambit of judicial review by two subsections of 8 U.S.C. §1252:

      First, Section 1252(a)(2)(B)(i) provides that, notwithstanding any other provision of law, including the mandamus statutes, 28 U.S.C. §§ 1361 and 1651, "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1255 of this title, . . . ." In *Elzerw v. Mueller*, the court found that 8 U.S.C. § 1252(a)(2)(B)(ii) expressly precludes judicial review of "any other decision or action of the . . . Secretary of Homeland Security the authority of which is specified under this subchapter to be in the discretion of the . . . Secretary of Homeland Security . . ." (emphasis added). *See e.g. Elzerw v. Mueller*, 2007 WL 1221195 (E.D. Pa. April 24, 2007)(Judge Giles); *Rogatch v. Chertoff*, 2007 WL 1160358 (D.R.I. April 17, 2007)(same); *Serrano v. Quarantillo*, 2007 WL 1101434 (D.N.J. April 9, 2007)(same); Romanovich v. Gonzales, 07-60224 (S.D. Fl. April 4, 2007)(same); *Safadi v. Howard*, 2006 WL 3780417 (E.D. Va. Dec. 20, 2006)(discussing Section 1252(a)(2)(B) and granting motion to dismiss); *Sharkey v. Ganter*, 2006 WL 177156 (S.D.N.Y. Jan. 24, 2006)(same).

      Second, Section 1252(g) of Title 8 states that except as otherwise provided in that section, and again notwithstanding any other provision of law, including the mandamus statutes, 28 U.S.C. §§ 1361 and 1651, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any aliens." In *Gomez-Chavez v. Perryman*,

308 F.3d 796 (7th Cir. 2002) an alien filed an I-130 petition for an alien relative, an I-485 petition to adjust status, and an I-212 petition for leave to re-apply for admission after removal, i.e., a waiver of inadmissibility. He also commenced an action for a declaratory judgment and a writ of mandamus, asserting that the immigration service had improperly refused to adjudicate his I-212. The Court of Appeals for the Seventh Circuit ruled, however, that petitioner's arguments "fit[] squarely within the steps covered by the prohibition on judicial review" set forth in Section 242(g) of the statute: "Under § 1252(g), courts are barred from reviewing discretionary decisions to 'commence proceedings, adjudicate cases, or execute removal orders."
308 F.3d at 800, *citing Reno v. American-Arab Anti-Discrimination Comm*., 525 U.S. 471, 482 (1999). The court of appeals noted further that these "strict limitations" apply not only to affirmative actions, but to refusals to act as well. Thus, an alien trying to seek judicial review of such "discretionary measures" cannot evade the bar of Section 242 "by the simple expedient of recharacterizing a claim as one challenging a refusal to act." 308 F.3d at 800. *See, e.g., Castillo v. Ridge*, 445 F.3d 1057 (8th Cir. 2006)(mandamus not available to compel action on request for Section 1182(h) waiver of inadmissibility); *Li v. Agagan*, 2006 WL 637903 (8th Cir.)(citing Section 1252(g), court denied petition for writ of mandamus to compel adjudication of adjustment of status application); *Kailash v. Chertoff*, 2006 WL 938523 (E.D.Pa.)(Buckwalter, Sr.J.)(citing Section 1252(g), court declined to entertain cause of action for relief from denial of waiver of inadmissibility as predicate to adjustment of status), appeal pending (Third Circuit, No. 06-2373).

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the Petition.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIANPING SUN,                              )<br>                                                          )<br>            Plaintiff,              )<br>     v.                                             )     Civil Action No. 07-0504 (JDB)<br>                                                          )<br>ALBERTO GONZALES, *et al.*,       )<br>                                                          )<br>            Defendants.           )<br>                                                          ) | |

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was sent by the Court's Electronic Case Filing System, this 15th day of June, 2007 to:

Mark Mancini, Esq.
Wasserman, Mancini & Chang, P.C.
1915 I Street, N.W., Suite 400
Washington, D.C. 20006
Attorney for Plaintiff

                                                          /s Sherease Louis
                                                          SHEREASE LOUIS
                                                          Special Assistant United States Attorney
                                                          United States Attorney's Office
                                                          Civil Division
                                                          555 4th Street, N.W.,
                                                          Washington, D.C. 20530
                                                          (202) 307-0895